■ MILTON G. COURTIER, as Administrator of the Estate of GRACE ROWAN, Deceased, Respondent, v. MORRIS SCHAEFFER et al., Appellants.— In a negligence action to recover damages for personal injury sustained by plaintiff's intestate, the defendants appeal from so much of an order of the Supreme Court, Kings County, dated November 15, 1962, as denied their motions, made at the end of plaintiff's case and at the end of the entire case, to dismiss the complaint, and as set the case down for a new trial for a stated date. Appeal dismissed, with costs to plaintiff. Prior to submission of the case to the jury, the trial court had reserved decision on said motions and on a further motion by defendants for a directed verdict; and, after the jury returned a verdict in favor of defendant Aguas but against defendant Schaeffer, the trial court made the order under review, setting the verdict aside on the ground that it was inconsistent, and denying the motions for dismissal and for a directed verdict. On this appeal by both defendants, neither one has contended that the ground of inconsistency of the verdict did not justify the setting aside of the verdict. The appeal does not lie (*Kiamie* v. *Equitable Life Assur. Soc. of U. S.*, 296 N. Y. 509; *Doyle* v. *Alexander*, 19 A D 2d 533; *Flynn* v. *Board of Educ. of City of N. Y.*, 270 App. Div. 855; Carmody-Wait, New York Practice, vol. 8, pp. 516–517; vol. 9, pp. 508–509). *Fruhwald* v. *Devere Trucking Corp.* (16 A D 2d 695) and *Schwartz* v. *City of Mount Vernon* (12 A D 2d 816, mot. for lv. to app. den. 13 A D 2d 519, mot. for lv. to app. dsmd. 9 N Y 2d 863) are distinguishable. In those cases the juries had failed to return a verdict, and the appeals were therefore authorized under the last paragraph of the then applicable section 457-a of the Civil Practice Act. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ LOUISE DAWKINS, Individually and as Guardian ad Litem of JUDITH DAWKINS, et al., Respondents, v. MURRAY MANDELSON, Appellant, et al., Defendant.— In an action to recover damages for personal injury, the defendant Mandelson appeals from an order of the Supreme Court, Westchester County, dated October 17, 1963, which denied his motion to dismiss the complaint for lack of prosecution (CPLR 3216). Order reversed, without costs; motion granted and complaint dismissed, without costs as against the moving defendant Mandelson; and action severed as to the defendant Motley. The motion was properly before Special Term as an application pursuant to statute (CPLR 3216) and was not governed by this Department's rules concerning motions to strike actions from the calendar (Rules, App. Div. 2d Dept., part 7, rule V). The inadvertence of counsel which was urged by plaintiffs as their excuse for the unreasonable neglect of over three years after joinder of issue in placing the action on the calendar for trial, is insufficient (*Gold* v. *Bluvshtein*, 18 A D 2d 671; *Burke* v. *City of New York*, 18 A D 2d 898). The filing of a note of issue on the eve of a motion to dismiss for lack of prosecution is not, by itself, an excuse for the delay charged (*Sortino* v. *Fisher*, 20 A D 2d 25 and cases there cited). Plaintiffs also failed to submit an affidavit of merits. An affidavit by an attorney, who is without personal knowledge of the facts, is insufficient (*Keating* v. *Smith*, 20 A D 2d 141). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.